IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>JAMES VILLA,<br><br>                    Defendant. | 8:12-CR-331<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on the defendant's Motion to Suppress (filing 21); the United States Magistrate Judge's Findings and Recommendation (filing 31) incorporating the findings made in court at the hearing on the defendant's motion, *see* filing 33 at 60-67, and stating her recommendation that the motion to suppress be denied; and the defendant's objection (filing 34) to the findings and recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the record and will adopt the findings and recommendation, overrule the objection, and deny the motion to suppress.

      The defendant presents two arguments in his objection: that there was no probable cause for his initial traffic stop, and that there was no reasonable suspicion to detain him and wait for a drug dog. *See* filing 35. The first argument, the defendant admits, is foreclosed by the Eighth Circuit's opinion in *United States v. Adler*, 590 F.3d 581 (8th Cir. 2009), and requires no further discussion.[1] And having conducted a de novo review of the record, the Court agrees with the findings of the Magistrate Judge, and likewise concludes that the circumstances were sufficient to create reasonable

---

[1] The Court notes, however, that even if *Adler* was not binding on this Court, its conclusion would still be persuasive. Neb. Rev. Stat. § 60-6,161(2) provides that "[a] signal of intention to turn or move right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning." But § 60-6,161(1) clearly provides that "[n]o person shall turn a vehicle or move right or left upon a roadway . . . without giving an appropriate signal . . . ." There is nothing in § 60-6,161(2) which can be read to craft an exception to § 60-6,161(1). It would run contrary to basic principles of statutory construction for the term "when required" to become the basis for judicially constructed exceptions to the clear, unambiguous language of § 60-6,161(1). In short, § 60-6,161(1) requires a signal before a turn, so the signal is "required" within the meaning of § 60-6,161(2), and must therefore be given at least 100 feet before the turn.

suspicion supporting the defendant's detention for a dog sniff. *Compare, e.g., United States v. Carpenter,* 462 F.3d 981, 986-87 (8th Cir. 2006); *United States v. Fuse,* 391 F.3d 924, 929-930 (8th Cir. 2004).

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (filing 31) are adopted.

2. The defendant's objection (filing 34) to the findings and recommendation is overruled.

3. The defendant's Motion to Suppress (filing 21) is denied.

Dated this 7th day of March, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge