IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>JAMES VILLA,<br><br>                    Defendant. | 8:12-CR-331<br><br>TENTATIVE FINDINGS |

The Court has received the presentence investigation report in this case. There are no objections to the presentence report. The defendant has filed a motion for variance (filing 51).

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)  impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no objections that require resolution at sentencing. The defendant has filed a motion for variance (filing 51). The defendant's motion is based on his criticism of the career offender guideline, U.S.S.G. § 4B1.1, and of the Eighth Circuit's holding that burglary of a commercial building is categorically a "crime of violence" within the meaning of U.S.S.G. § 4B1.2. *See United States v. Blahowski,* 324 F.3d 592, 597 (8th Cir. 2003); *contra, e.g., United States v. Giggey,* 551 F.3d 27 (1st Cir. 2008) (describing circuit split and collecting cases).

   Villa suggests that the Court vary downward from the Guidelines range in order to compensate for the "suspect" application of § 4B1.1 in this case. Filing 52 at 8. The Court will consider the defendant's argument in the context of the "overarching" instruction of § 3553: "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," considering, among other things, "'the history and characteristics'" of *this* defendant. *See Kimbrough v. United States,* 552 U.S. 85, 101 (2007) (quoting § 3553(a)). The defendant's motion for variance will be resolved at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 17th day of June, 2013.

BY THE COURT:

_____
John M. Gerrard
United States District Judge