IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:12-CR-331 |
| vs. | MEMORANDUM AND ORDER |
| JAMES VILLA, | |
| Defendant. | |

     This matter is before the Court on the motion to vacate under 28 U.S.C. § 2255 (filing 74) filed by the defendant, James Villa. The motion was timely filed less than 1 year after the Supreme Court initially recognized the right that the defendant's motion asserts. *See*, § 2255(f); *Johnson v. United States*, 135 S. Ct. 2551 (2015).

     Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court "must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

BACKGROUND

     The defendant was convicted, pursuant to a guilty plea, of possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841. Filing 61 at 1. In his plea agreement, the defendant "knowingly and expressly" waived "any and all rights to contest" his conviction and sentence, "including any proceedings under 28 U.S.C. § 2255," except for the right to challenge his conviction and sentence "should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to

state a crime" and the right to "seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct," if the grounds for that claim could not have been known by the defendant at the time of his plea. Filing 43 at 5-6.

The presentence report found that the defendant was a career offender under U.S.S.G. § 4B1.1. Filing 59 at 8. Specifically, the defendant had prior convictions for a controlled substance offense (a previous federal conviction for possession with intent to distribute marijuana) and a "crime of violence" as defined by U.S.S.G. § 4B1.2(a) (three Arizona state convictions for third degree burglary). Filing 59 at 8. Accordingly, the presentence report assessed the defendant's offense level at 34, which (after a reduction for acceptance of responsibility) combined with a criminal history category of VI for a Guidelines imprisonment range of 188 to 235 months' imprisonment. Filing 38 at 8, 20. The Court accepted that Guidelines range, but varied downward on the defendant's motion and imposed a below-Guidelines sentence of 164 months' imprisonment. Filing 61 at 2; filing 62 at 1,3. Although the Court varied downward, the Court explained that it had taken into account "the underlying offenses that led to the career offender enhancement in varying slightly downward from the guidelines." Filing 62 at 3.

After the judgment became final, the Supreme Court held in *Johnson* that the definition of "crime of violence" contained in 18 U.S.C. § 924(e)(2)(B) was unconstitutionally vague. 135 S. Ct. at 2563. Based on the presence of the same language in § 4B1.2(a), the defendant filed the instant § 2255 motion. Filing 74.

DISCUSSION

The defendant's argument is twofold. First, the defendant contends that Arizona's crime of third degree burglary is only a "crime of violence" within the residual clause of § 4B1.2(a)(2)—that is, it is not a "crime of violence" within the meaning of the "elements clause" of § 4B1.2(a)(1), or an offense enumerated in § 4B1.2(a)(2). Second, the defendant contends that the residual clause of § 4B1.2(a)(2) is invalidated by *Johnson*, and that as a result, he is entitled to resentencing.

The Court agrees with the defendant that Arizona third degree burglary can only be considered a "crime of violence" pursuant to the residual clause of § 4B1.2(a)(2). However, the Court disagrees with the defendant with respect to whether the residual clause is unconstitutionally vague: under binding Eighth Circuit precedent, the vagueness of a Sentencing Guideline is not a violation of a defendant's right to due process. And, the Court finds, the defendant's collateral attack is precluded by the waiver provision of his plea agreement. Accordingly, the Court will deny the defendant's § 2255 motion.

ARIZONA THIRD DEGREE BURGLARY AS "CRIME OF VIOLENCE"

A "crime of violence," as defined by § 4B1.2(a) at the time of the defendant's sentencing,[1] was a federal or state offense punishable by a term of imprisonment exceeding 1 year, that

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

So, § 4B1.2(a) essentially comprised three categories of "crime of violence": the "elements clause" of § 4B1.2(a)(1), the "enumerated offenses" specifically identified in § 4B1.2(a)(2), and the "residual clause" of crimes involving "conduct that presents a serious potential risk of physical injury to another." The language of § 4B1.2(a)(2)'s residual clause was identical to the language of § 924(e)(2)(B) that the Supreme Court struck down in *Johnson*. So, the initial question is whether third degree burglary, under Arizona law, is a "crime of violence" under the elements clause of § 4B1.2(a)(1), whether it is an enumerated offense under § 4B1.2(a)(2), or whether the defendant's career offender status necessarily rested on the residual clause.

At first glance, the merit of the defendant's argument seems obvious. Arizona's third degree burglary statute does not have as an element the use, attempted use, or threatened use of physical force against the person of another. *See* Ariz. Rev. Stat. § 13-1506. Nor would it appear to be "burglary of a dwelling," because it expressly applies to burglary of a "nonresidential structure." *Id*.

But the Eighth Circuit has held that the limitation of burglary in § 4B1.2(a)(2) to burglary "of a dwelling" is invalid. *See*, United States v. Mohamed, 623 F. App'x 839, 840 (8th Cir. 2015); United States v. Stymiest, 581 F.3d 759, 767-69 (8th Cir. 2009). Accordingly, the Court of Appeals has concluded that burglary of a commercial dwelling is an enumerated offense under § 4B1.2(a), without relying on the residual clause. *See* Mohamed, 623 F. App'x at 840; *see also* Stymiest, 581 F.3d at 768-69. The defendant is critical of that reasoning. Filing 83 at 21-24. But the Court is not at liberty to

---

[1] The United States Sentencing Commission has since amended § 4B1.2(a) to remove the residual clause. In this memorandum and order, the Court will refer to the version in effect at the time of sentencing.

disagree with it.² *See Hood v. United States,* 342 F.3d 861, 864 (8th Cir. 2003).

Relying on that reasoning, the government argues that the defendant's third degree burglary convictions were all "crimes of violence" within the meaning of § 4B1.2(a)(2), without relying on the residual clause, because the elements of § 13-1506(A)(1) fall within the generic offense of burglary. Filing 82 at 24-25. The Court disagrees. The elements of generic burglary are an unlawful or unprivileged entry, into a building or other structure, with intent to commit a crime. *Taylor v. United States,* 495 U.S. 575, 599 (1990); *accord Mathis v. United States,* 136 S. Ct. 2243, 2248 (2016). Section 13-1506(A) is divisible, but under the modified categorical approach, the Court may consider underlying documents such as the indictment to determine what crimes, with what elements, a defendant was convicted of. Here, the defendant burglarized commercial buildings. Filing 59 at 11-13. So, the relevant subsection of the offense proscribed "[e]ntering or remaining unlawfully in or on a nonresidential structure or in a fenced commercial or residential yard with the intent to commit any theft or any felony therein." § 13-1506(A)(1).

The possibility of burglarizing a "fenced commercial or residential yard" means that the Arizona offense is broader than generic burglary. *See James v. United States,* 550 U.S. 192, 212 (2007) (holding that the "inclusion of curtilage" took the Florida offense of burglary outside the *Taylor* definition of generic burglary), *overruled on other grounds by Johnson,* 135 S. Ct. at 2562; *see also Mathis,* 136 S. Ct. at 2250. And the Court may not resort to underlying documentation and consider what the defendant actually burglarized, because burglary of a "nonresidential structure" and "fenced commercial and residential yard" are alternative means of committing one offense, not different crimes. *See Mathis,* 136 S. Ct. at 2254-55.

---

² The defendant also argues that *Mohamed* is not binding because it is unpublished, and that *Stymiest* is not binding because its discussion of the phrase "of a dwelling" was dicta. Filing 83 at 19-25. The precedential status of an unpublished opinion in the Eighth Circuit is interesting. *See* 8th Cir. R. 32.1A; *but see Anastasoff v. United States,* 223 F.3d 898, 900 (8th Cir.), *opinion vacated as moot on reh'g en banc,* 235 F.3d 1054 (8th Cir. 2000). *Stymiest*, however, is clearly binding authority: the fact that it contained "alternative holdings" supporting its disposition of the appeal does not mean that either holding was dicta. *See Brazzell v. United States,* 788 F.2d 1352, 1358 n.4 (8th Cir. 1986); *see also MacDonald, Sommer & Frates v. Yolo Cty.,* 106 S. Ct. 2561, 2564 (1986). When two independent reasons support a decision, neither can be considered obiter dictum: each represents a valid holding of the court. *Sutton v. Addressograph-Multigraph Corp.,* 627 F.2d 115, 117 (8th Cir. 1980).

In sum, the Court finds that the Arizona offense of third degree burglary was not a "crime of violence" as defined by § 4B1.2(a) without relying on the residual clause.

UNCONSTITUTIONAL VAGUENESS OF SENTENCING GUIDELINES

The Fifth Amendment guarantee of due process of law is violated when the government takes away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. *Johnson*, 135 S. Ct. at 2556. The question, then, is whether this doctrine is applicable to a sentencing guideline, where the defendant has already been put on notice by the statute of conviction of the conduct it punishes, and where it is the Court's discretion instead of the prosecution's that is at issue. The Eighth Circuit has held that "the Sentencing Guidelines are simply not susceptible to a vagueness attack." *United States v. Wivell*, 893 F.2d 156, 159 (8th Cir. 1990). The Court of Appeals explained its reasoning at some length:

> The vagueness doctrine holds that a person cannot be held liable for conduct he could not reasonably have been expected to know was a violation of law. It is settled that, as a matter of due process, a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute, or is so indefinite that it encourages arbitrary and erratic arrests and convictions, is void for vagueness. Although these two due process values secured by the vagueness doctrine tend to coalesce, they are analytically distinct. The first—notice—focuses on the state of mind of the citizen in commanding that the rules he must follow be comprehensible. The second—arbitrary enforcement—concerns the behavior of law enforcement officials, and therefore condemns such empowering statutory devices as status crimes or punishment by analogy. These statutes are in a class by themselves. Definiteness is designedly avoided so as to allow the net to be cast at large, to enable men to be caught who are vaguely undesirable in the eyes of police and prosecution although not chargeable with any particular offense. But both theories supporting the vagueness doctrine presume a law that attempts to proscribe or prescribe conduct.
>
> The Sentencing Guidelines do not define illegal conduct: they are directives to judges for their guidance in sentencing convicted criminals, not to citizens at large. It is well established that, with the exception of capital cases, there is no constitutional

> right to such directives. Indeed, a defendant's due process rights are unimpaired by the complete absence of sentencing guidelines. . . . [T]he Constitution does not require sentencing guidelines in noncapital cases.
>
> Because there is no constitutional right to sentencing guidelines—or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines—the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague. It therefore follows that the Guidelines cannot be unconstitutionally vague as applied to [the defendant] in this case. Even vague guidelines cabin discretion more than no guidelines at all. What a defendant may call arbitrary and capricious, the legislature may call discretionary, and the Constitution permits legislatures to lodge a considerable amount of discretion with judges in devising sentences.

*Wivell*, 893 F.2d at 159-60 (quotations and citations omitted).

And that reasoning has even more force in the post-*Booker* framework of advisory Guidelines, where the Guidelines are only a starting point, and a sentencing court is free to impose sentences within the statutory limits based on the factors enumerated in 18 U.S.C. § 3553(a). Accordingly, in *United States v. Meirick*, the Eighth Circuit refused to consider a defendant's constitutional challenge to a Guidelines provision because the Guidelines "did not cause [the defendant]'s alleged sentencing injury." 674 F.3d 802, 804 (8th Cir. 2012). The defendant's sentence, the Court of Appeals explained, "was attributable not to the provisions of [the challenged Guideline], but to the district court's unwillingness to exercise its discretion to vary from those advisory provisions." *Id*.

The Court recognizes that the Supreme Court, in *Johnson*, said that the principles of unconstitutional vagueness "apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." 135 S. Ct. at 2557. But that was a single sentence of *Johnson*, and there is a meaningful difference between a statute like § 924(e)(1), which actually *fixed* the statutory sentencing range, and a sentencing guideline that only informs a judge's discretion when sentencing within a range that is already fixed by statute. *See United States v. Taylor*, 803 F.3d 931, 934 (8th Cir. 2015) (Colloton, Judge, dissenting). In other words, *Wivell* is squarely on point on this question, and *Johnson* is not. *See United States v. Ellis*, 815 F.3d 419, 421-22 (8th Cir. 2016). At that point, this Court is not at liberty to disagree

with the Court of Appeals. *See Hood*, 342 F.3d at 864. The Court finds that the defendant's vagueness challenge to § 4B1.2(a)(2) is foreclosed by *Wivell*.

### WAIVER OF COLLATERAL ATTACK

Finally, the Court finds that even if the defendant's vagueness attack on a Sentencing Guideline is cognizable, he waived his right to raise that argument on postconviction relief. As discussed above, the defendant's plea agreement contained a waiver of "any and all rights to contest" his conviction and sentence, "including any proceedings under 28 U.S.C. § 2255," absent specific exceptions that are not present here.³ Filing 43 at 5-6. And the defendant does not contend that his entry into the plea agreement was not knowing and voluntary.

There is no question that a knowing and voluntary waiver of a defendant's right to direct appeal or collateral attack is generally enforceable. *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). Such a waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice. *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011).

A defendant cannot waive the right to challenge an illegal sentence. *DeRoo*, 223 F.3d at 923. But the "illegal sentence exception" to the general enforceability of a waiver is extremely narrow: any sentence imposed within the statutory range is not subject to collateral attack in the face of a valid waiver. *Ackerland*, 633 F.3d at 702; *see United States v. Andis*, 333 F.3d 886, 891-92 (8th Cir. 2003) (en banc); *see also Sun Bear v. United States*, 644 F.3d 700, 705-06 (8th Cir. 2011). Accordingly, the Eighth Circuit has found that a waiver of appeal or collateral attack is valid with respect to even a constitutional challenge to a sentence, so long as the sentence falls within the statutory range. *See*, *United States v. Schulte*, 436 F.3d 849, 850-51 (8th Cir. 2006); *United States v. Young*, 413 F.3d 727, 729-30 (8th Cir. 2005).

In short, the plain language of the defendant's waiver of collateral attack encompasses the argument he raises now, and nothing in the Eighth Circuit's precedent suggests that the waiver is invalid. So, the defendant's § 2255 motion is precluded by his plea agreement.

---

³ The defendant contends, briefly, that "the appeal waiver does not apply if the higher courts conclude the charge to which he plead[ed] guilty fails to state a crime" and that "[t]he sentencing enhancement for career offender fits within that broad exclusion." Filing 83 at 19. That might be a plausible argument if, as in *Johnson*, a statute such as § 924(e)(2)(B) that increased the statutory maximum was at issue. But it is not a plausible argument here: the defendant pled guilty to possession of marijuana with intent to distribute it, which is still a crime.

CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be dismissed without an evidentiary hearing. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the Court recognizes that while the Court of Appeals has not overruled *Wivell*, the members of that court may not be entirely of one mind on *Wivell*'s continuing vitality. *See Taylor*, 803 F.3d at 933. And while this Court cannot set aside Circuit precedent, the Court of Appeals itself may not be so bound. *See id.* (citing *United States v. Anderson*, 771 F.3d 1064, 1067 (8th Cir. 2014)). And the Court is also aware that at least one other member of this Court has reached a different conclusion with respect to the scope of an identically worded waiver of collateral attack. *See United States v. Beck*, No. 8:13-CR-62, 2016 WL 3676191, at *3 (D. Neb. July 6, 2016). So, the Court finds that reasonable jurists might find the Court's conclusion debatable. The Court will issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 74) is denied.

2. A separate judgment will be entered.

3. The Court will issue a certificate of appealability in this matter as to (1) whether a Sentencing Guideline may be challenged as unconstitutionally vague; and (2) whether that challenge is precluded by the waiver of collateral attack in the defendant's plea agreement.

4. The Clerk shall provide a copy of this order to the Eighth Circuit Court of Appeals.

- 9 -

Dated this 20th day of October, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge